1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL BARKARRI FOSTER,              No.  2:24-cv-2979 DC SCR P

12              Plaintiff,

13        v.                               ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14   BROWN, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding without counsel, filed this civil rights action pursuant

18   to 42 U.S.C. §1983.  Before the court are plaintiff's complaint for screening as well as his

19   motions to proceed in forma pauperis.  For the reasons set forth below, the undersigned

20   recommends that the complaint be dismissed without leave to amend.  Based on this

21   recommendation, the court denies plaintiff's motions to proceed in forma pauperis as moot.

22                              **SCREENING**

23   **I.    Legal Standards**

24        The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

26   §1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

27   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

28   granted, or that seek monetary relief from a defendant who is immune from such relief. See 28

1

1    U.S.C. §1915A(b)(1) & (2).

2        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

8    the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

9    showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

10   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

11   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

12       However, in order to survive dismissal for failure to state a claim a complaint must

13   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

14   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

15   550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

16   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

17   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

18   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19   **II.    Discussion**

20       Plaintiff is incarcerated at the Salinas Valley State Prison.  His complaint names four

21   defendants: three Judges of the Sacramento County Superior Court and a Sacramento County

22   Public Defender.  Plaintiff alleges defendants failed to adequately represent him in criminal

23   proceedings in 2023 because they undermined his search for evidence.

24       Plaintiff's complaint cannot survive screening because he has named defendants who are

25   either immune from suit or who are not subject to civil liability because they do not qualify as

26   state actors.  The Supreme Court has held that judges acting within the course and scope of their

27   judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray,

28   386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in the 'clear absence

2

1  of all jurisdiction.'" <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-7 (1978), quoting <u>Bradley v. Fisher</u>,

2  13 Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part test of <u>Stump v.</u>

3  <u>Sparkman</u> determines its scope:

4              The relevant cases demonstrates that the factors determining whether
             an act by a judge is a 'judicial' one relate to the nature of the act
5              itself, i.e., whether it is a function normally performed by a judge and
             to the expectation of the parties, i.e., whether they dealt with the
6              judge in his judicial capacity.

7  <u>Id.</u> at 361.  The allegations in the complaint indicate that the defendant judges were acting within

8  the scope of their judicial duties.  Therefore, they are immune from civil liability.

9          Additionally, plaintiff's Public Defender is not a state actor within the meaning of §1983.

10 <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 318-19 (1981) (public defenders do not act under

11 color of state law for purposes of §1983 when performing a lawyer's traditional functions); <u>Rivera</u>

12 <u>v. Cty. of Los Angeles</u>, 745 F.3d 384, 391 n.3 (9th Cir. 2014).  Therefore, the complaint does not

13 state a claim for relief against any proper defendant.  The undersigned recommends dismissing

14 plaintiff's complaint.  <u>See</u> 28 U.S.C. § 1915A(b).  Because permitting plaintiff to amend the

15 complaint would be futile, this court further recommends that the complaint be dismissed without

16 leave to amend.  <u>See</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276,

17 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not

18 have to allow futile amendments).

19         For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motions for leave to

20 proceed in forma pauperis (ECF No. 2, 7) are denied as moot.

21         IT IS FURTHER RECOMMENDED that plaintiff's complaint be dismissed without leave

22 to amend.

23         These findings and recommendations are submitted to the United States District Judge

24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days

25 after being served with these findings and recommendations, any party may file written

26 objections with the court and serve a copy on all parties.  Such a document should be captioned

27 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

28 objections shall be filed and served within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4